UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASHINA DAVIS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **GKD MANAGEMENT, L.P., ET AL.** | **NO.: 16-00531-BAJ-RLB** |

## RULING AND ORDER

Before the Court is Plaintiffs LaShina Davis and Terry Davis's **Motion in Limine (Doc. 34)**. For the reasons that follow, the **Motion (Doc. 34)** is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART**.

### I. BACKGROUND

This dispute arises from a rear-end collision on I-10 near Baton Rouge, Louisiana. (Doc. 16, ¶ 8). An eighteen-wheeler owned by Defendant GKD Management, L.P. struck an ambulance carrying LaShina Davis. (*Id.*). Davis was providing medical assistance to an injured patient at the time. (*Id.*). She and her husband sued GKD in the 19th Judicial District Court for the Parish of East Baton Rouge. (Doc. 1-1). Davis's employer, Acadian Ambulance Service, intervened to recoup from Defendants the workers' compensation benefits it paid Davis as a result of the collision. (Doc. 1-1, p. 27). Defendants invoked the Court's diversity jurisdiction and removed the case. (Doc. 1). Trial is set to begin on June 3, 2019. (Doc. 54).

Now, Plaintiffs move to exclude evidence or mention of the following: "(1) Plaintiffs' arrests; (2) evidence not made known during discovery; (3) the time Plaintiffs' retained their attorney; (4) the payment of medical bills and expenses; (5) federal income tax; (6) an adverse inference for uncalled witnesses; (7) financial hurt from an adverse

1

verdict; (8) probable testimony of absent witnesses; and (9) the filing of Plaintiffs' Motion In Limine." (Doc. 34).

## II. LEGAL STANDARD

The party objecting to the admission of evidence bears the burden of showing that the evidence is inadmissible. *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

## III. DISCUSSION

### A. LaShina Davis's Arrests

Plaintiffs ask the Court to exclude evidence of two of LaShina Davis's arrests. (Doc. 34-1, p. 1). Neither resulted in a conviction and both occurred more than ten years ago. (*Id.*). Defendants agree that Federal Rule of Evidence 609 applies and precludes admission of evidence of the arrests. (Doc. 36). The Court therefore GRANTS Plaintiffs' Motion in Limine as to LaShina Davis's arrests.

### B. Evidence "Not Made Known" During Discovery

Plaintiffs ask the Court exclude evidence "not made known" during discovery. (Doc. 34-1 at p. 2). The request is generic: Plaintiff does not identify any evidence that was not disclosed during discovery or otherwise attempt to link the request to this case in any way. (*Id.*). The Court therefore DENIES Plaintiffs' Motion in Limine as to evidence "not made known" during discovery.

### C. Plaintiffs' Retention of Their Attorney

In another generic request, Plaintiffs asks the Court to exclude evidence about when Plaintiffs retained counsel. (Doc. 34-1 at p. 3). Plaintiffs cite no authority to support the request. (*Id.*). And Plaintiffs again make no attempt to tailor the request to the facts of this case. (*Id.*). The Court therefore DENIES, without prejudice, Plaintiffs' Motion in

Limine on the subject. The matter may be re-urged at a later time if Plaintiffs provide more facts to support their request.

### D. Workers' Compensation Benefits

Plaintiffs ask the Court to exclude evidence that LaShina Davis has received workers' compensation benefits. (Doc. 34-1 at p. 3). Defendants rejoin that they may offer evidence of workers' compensation payments and amounts written off by medical providers. (Doc. 36 at p. 3).

The collateral source rule is a rule of evidence and damages.[1] *Bozeman v. State*, 2003-1016, p. 8 (La. 7/2/04); 879 So. 2d 692, 697. The damages component provides that a plaintiff's tort recovery cannot be reduced by amounts the plaintiff receives from sources independent of the tortfeasor. *Hoffman v. 21st Century N. Am. Ins. Co.*, 2014-2279, p. 3 (La. 10/2/15); 209 So. 3d 702, 704. The evidentiary component bars evidence that a plaintiff has received payments from sources independent of the tortfeasor. *Bozeman*, 879 So. 2d at 699.

As applied to damages, Defendants are partially correct: Plaintiffs cannot collect write-off amounts as damages unless they show that their "patrimony has been diminished in some way in order to obtain" the write-offs. *Id.* at 706. But as an evidentiary matter, Defendants' argument misses the mark. Allowing the jury to consider evidence that LaShina Davis has received workers' compensation payments would unfairly prejudice Plaintiffs and confuse the jurors. *See, e.g., Phillips v. Western Co. of N. Am.*, 953 F.2d 923, 935 (5th Cir. 1992) (granting plaintiff a new trial because the district

---

[1] The Court's jurisdiction is based on diversity of citizenship, so the Court applies Louisiana substantive law. *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir. 2014) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Because Louisiana's collateral source rule is substantive, the Court applies it here. *See Kadlec Med. Ctr. v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 425–26 (5th Cir. 2008)

court admitted evidence that plaintiff had received workers' compensation benefits). The Court therefore GRANTS Plaintiffs' Motion in Limine on the subject.

### E. Federal Income Tax

Plaintiffs ask the Court to prohibit Defendants from informing the jury that any award is not subject to federal income tax. (Doc. 34-1 at p. 4). Plaintiffs offer no authority to support the request. (*Id.*). Defendants assert that they are entitled to a jury charge on the issue. (Doc. 36 at p. 4). The Court agrees and will permit a "brief" and "easily understood" instruction informing the jury that an award is not subject to federal income tax. *Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 499 (1980); *Lang v. Texas & P. Ry. Co.*, 624 F.2d 1275, 1280 (5th Cir. 1980) (district court erred in refusing tax-consequences instruction).[2] The Court therefore DENIES Plaintiffs' Motion in Limine on the subject.

### F. Uncalled Witnesses

Plaintiffs ask the Court to prohibit Defendants from attempting to create an adverse inference based on Plaintiffs' failure to call a witness. (Doc. 34-1 at pp. 4-5). In response, Defendants assert that if Plaintiffs fail to call a treating physician at trial, then Defendants are entitled to a presumption that the physician's testimony would have been unfavorable to Plaintiffs. (Doc. 36 at p. 5). The Court disagrees.

The Louisiana cases Defendants offer as purported support for the adverse inference they request are unpersuasive because "[t]he applicability of the uncalled-witness rule is a procedural matter, hence governed by federal law." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990). Under federal law, the uncalled-witness

---

[2] The Fifth Circuit has not addressed whether the decision to give a tax-consequences instruction is a matter of substantive or procedural law. At least one federal appellate court has concluded that it is a procedural issue governed by federal law. *See Van Bumble v. Wal-Mart Stores, Inc.*, 407 F.3d 823, 826 (7th Cir. 2005) (citing *Selby v. Lovecamp*, 690 F. Supp. 733 (N.D. Ind. 1988)). But the distinction is immaterial here: even if the decision whether to give a tax-consequences instruction is substantive and thus governed by Louisiana law, such an instruction is permitted. *See DeBose v. Trapani*, 295 So. 2d 72, 74 (La. Ct. App. 4th Cir. 1974).

4

rule does not apply when the witness is equally available to plaintiff and defendant. *Id.* at 1048. Here, the parties have not identified the location of LaShina Davis's treating physician or briefed the question whether LaShina Davis's treating physician is equally available to Plaintiffs and Defendants. If LaShina Davis's treating physician is susceptible to subpoena by Defendants, then the physician is "equally available" to Plaintiffs and Defendants, and the uncalled-witness rule does not apply. Because the parties' briefing on the issue is inadequate, the Court DEFERS ruling on Plaintiffs' Motion in Limine on the issue.

### G. Financial Hurt from Adverse Verdict

Plaintiffs ask the Court to prohibit Defendants from arguing that they will be "financially hurt" by any damages award. (Doc. 34-1 at p. 4). Defendants respond that they do not intend to make the argument. (Doc. 36 at p. 5). The Court therefore DENIES Plaintiffs' Motion in Limine on the subject as moot.

### H. Filing of Plaintiffs' Motion in Limine

Plaintiffs ask the Court to prohibit Defendants from informing the jury that Plaintiffs have filed a motion in limine. (Doc. 34-1 at p. 5). Defendants counter that statements made in Plaintiffs' motion in limine are admissible for impeachment purposes. (Doc. 36 at p. 6). Defendants are correct. A prior inconsistent statement in a pleading is admissible for impeachment purposes. *See, e.g., United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984). The Court therefore DENIES Plaintiffs' Motion in Limine on the subject.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion in Limine (Doc. 34)** is **GRANTED IN PART, DENIED IN PART,** and **DEFERRED IN PART.**

Baton Rouge, Louisiana, this 20th day of December, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**